UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,  :
            Plaintiff,  :
            v.  :        CASE NO. 1:06CV01938 (RMU)
SECURIGUARD INC., et al.  :
            Defendants.  :

**DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,
AND SUPPORTING POINTS AND AUTHORITIES**

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC") (collectively "the Security Guard Defendants"),[2] by counsel, hereby move to dismiss the Plaintiff's *Pro Se* Complaint against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

As grounds for this Motion, and in support hereof, the Security Guard Defendants state as follows.

I.    BACKGROUND

The Security Guard Defendants provide contract security services at the offices of the Federal Deposit Insurance Corporation ("FDIC") in the District of Columbia and in Virginia. USEC is the prime contractor with FDIC, and Securiguard has a subcontract with USEC. (*See* Complaint at p. 2.)

---

[1] USEC's proper name is USEC Service Corporation.

[2] It is unclear whether the Plaintiff actually seeks to name as individual defendants Patricia Marvil, who is the Chief Executive Officer of Securiguard, and David L. Marvil, who is incorrectly identified in the *Pro Se* Complaint as the "Chairman CEO" of USEC. The Court's on-line records do not identify these two individuals as parties-defendant in this case, and no specific cause of action is asserted against either of them in the *Pro Se* Complaint.

The title of the Plaintiff's *Pro Se* Complaint in this particular case suggests that she seeks redress against the Security Guard Defendants for alleged "negligence, negligence hiring (sic), defamation of character[, and] unauthorized interception of oral communications."[3] (*Id.* at p. 1.) Although the Plaintiff's *Pro Se* Complaint baldly alleges at least 18 alleged violations of federal statutes and regulations, the Plaintiff's lawsuit against the Security Guard Defendants appears to be based primarily on her contention that Douglas R. Fahey—who the Plaintiff alleges is an "investigator" who "was paid simultaneously by Securiguard and USEC" (*id.* at p. 2)—acted unlawfully by "intentionally, willfully and without a court order plac[ing] a Sony Tape recorder … inside the purse of Jenekia Johnson on April 14, 2004 and April 15, 2004…" as part of an FDIC-requested investigation into certain allegations made by Johnson, an FDIC intern, against the Plaintiff concerning work-place threats.[4] (*Id.* at pp. 5-7, 11.) The Plaintiff's *Pro Se* Complaint admits that Fahey acted with Johnson's consent. (*Id.* at p. 5 ("Plaintiff was unaware that Ms. Johnson unlawfully, *intentionally and knowingly* possessed a Sony cassette tape recorder" during the referenced conversations with Plaintiff) (emphasis added).)

---

[3] Although the Plaintiff was employed by FDIC, she has also sued the Security Guard Defendants—along with FDIC, Douglas R. Fahey, Jenekia J. Johnson, and others—for employment discrimination and other employment-related claims in *Yolanda Gibson-Michaels v. Sheila C. Bair, et al.* Case No. 1:06CV01940 (RMU). The Security Guard Defendants moved to dismiss that lawsuit on December 6, 2006. The Plaintiff has also sued Fahey and Johnson in *Yolanda Gibson-Michaels v. Douglas R. Fahey, et al.*, Case No. 1:06CV01933 (RMU), and has sued Johnson again in *Yolanda Gibson-Michaels v. Jenekia J. Johnson*, Case No. 1:06CV01939 (RMU). All four lawsuits—filed in each case by the Plaintiff, *pro se*—appear to arise out of the same set of circumstances.

The Plaintiff also filed a fifth lawsuit, again *pro se*, in this Court, *Gibson Michaels v. Sony Corporation et al.*, Case No. 1:06CV01882, which was dismissed by Judge Collyer on or about November 3, 2006.

[4] Aside from Fahey, the remaining individuals mentioned in the referenced allegations in the *Pro Se* Complaint are employed by FDIC. (*See* Affidavits of James T. Lantelme and William A. Kmetz (page 1 of the Lantelme Affidavit, and what appears to be the entire Kmetz Affidavit, are attached as exhibits to the *Pro Se* Complaint).)

2

From this main allegation, the Plaintiff goes on to allege in her *Pro Se* Complaint that the Security Guard Defendants themselves "[are] the proximate cause of the plaintiff's injuries"—*i.e.* FDIC's decision to terminate the Plaintiff's employment—"by failing to exercise a Duty of care in its hiring, screening, and retention practices of [the Security Guard Defendants'] contract employees in the capacity as an investigator" and by "fail[ing] to monitor, oversee, [and] supervise the actions of an unauthorized interception of Plaintiff's oral communication on April 14-15, 2006. (*Id.* at 3.) Aside from these allegations, the Plaintiff does not appear to make any other allegations directed at the Security Guard Defendants or their employees.

II.  ARGUMENT

Plaintiff's *Pro Se* Complaint against the Security Guard Defendants is fatally flawed because it rests on a demonstrably incorrect conclusion of law: *i.e.*, the Plaintiff's conclusion that Fahey somehow acted unlawfully by providing Johnson with a tape recorder to enable Johnson to tape conversations she had with the Plaintiff in connection with the FDIC-requested investigation. Contrary to the Plaintiff's conclusion, Johnson acted lawfully when she tape recorded several conversations she had with the Plaintiff, see 18 U.S.C. § 2511(c) and (d) (generally permitting a person, whether or not "acting under color of law," to intercept an oral communication where such person is a party to the communication); see also D.C. Code § 23-542(b)(2) and (3) (same), and Fahey also acted lawfully when he provided Johnson with a tape recorder during the course of his FDIC-requested investigation into allegations of work-place threats.[5] Even under the Rule 12(b)(6) standard of review, this Court need not accept as true the

---

[5] Even if there were any merit to the Plaintiff's legal theory—which there is not—any private cause of action that the Plaintiff might be able to assert pursuant to 18 U.S.C. § 2520 is barred by the two year statute of limitations provided in subsection (e) of that statute. The Plaintiff's own allegations in the *Pro Se* Complaint reveal that she knew that Johnson had taped her conservations with the Plaintiff more than two years *before* the Plaintiff filed this lawsuit on

3

Plaintiff's erroneous conclusions of law. See, e.g., DePippo v. Chertoff, 453 F. Supp. 2d 30, 33 (D.D.C. 2006). Thus, the Plaintiff's *Pro Se* Complaint fails to state a cause of action against the Security Guard Defendants.

Moreover, Plaintiff's *Pro Se* Complaint against the Security Guard Defendants also suffers from serious causation problems. The Plaintiff alleges that "Fahey's evidence"—*i.e.*, the tape recording that Johnson made of her April 14-16, 2004 conversations with the Plaintiff—"was relied upon by FDIC on January 21, 2005 and March 31, 2006," which are the dates that the FDIC allegedly "removed" the Plaintiff from employment. (Complaint at pp. 2, 11.) Even assuming that the FDIC specifically relied upon Johnson's tape recordings, the Plaintiff must concede that Fahey—and thus the Security Guard Defendants—did not cause any cognizable injury to the Plaintiff since the tape recordings were of conversations between the Plaintiff and Johnson.

Finally, aside from the Plaintiff's allegations concerning the so-called "unauthorized interception of oral communications," she alleges nothing in the *Pro Se* Complaint that conceivably could support any claim for negligence or negligent hiring against the Security Guard Defendants. Compare Schecter v. Merchants Home Delivery, Inc., 892 A.2d 415, 431-32 (D.C. 2006) (holding that a jury must decide whether an employer negligently hired, trained, and supervised a delivery driver who had a pre-employment burglary conviction and allegedly robbed a customer's home after being hired). And, aside from mention of the phrase "defamation of character" in the title of the *Pro Se* Complaint, the Plaintiff again makes no allegations whatsoever suggesting that either of the Security Guard Defendants, or their employees, made any defamatory statements concerning the Plaintiff.

---

November 14, 2006. (*See* Complaint at pp. 7-8 (alleging that Plaintiff complained to FDIC personnel about the "illegal tape recording" at least by May 11, 2004).)

III.     CONCLUSION

For the reasons set forth herein, the Security Guard Defendants request that this Court dismiss the Plaintiff's *Pro Se* Complaint in this case.

Respectfully submitted,

/s/
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendants Securiguard, Inc. and USEC Corporation*

CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of this document to be served by ECF for all counsel of record and by first class mail, postage prepaid, on each of the following on this 27th day of December 2006:

Yolanda C. Gibson-Michaels, *Pro Se*
2210 Anvil Lane
Temple Hills, MD 20748

/s/
Scott D. Helsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,  :
:
    Plaintiff,  :
:
v.  :  CASE NO. 1:06CV01938 (RMU)
:
SECURIGUARD INC., et al.  :
:
    Defendants.  :

ORDER

This matter comes before the Court upon Defendant Securiguard, Inc. And USEC Corporation's Motion To Dismiss For Failure To State A Claim. After considering the respective positions of the parties, and for good cause shown, this Court hereby GRANTS this motion and ORDERS that the Plaintiff's complaint shall be DISMISSED WITH PREJUDICE as to Defendants Securiguard, Inc. and USEC Corporation.

Entered this _____ day of _____, 200__.


_____
Judge, United States District Court