UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,  :
:
    Plaintiff,  :
:
v.  :  CASE NO. 1:06CV01938 (RMU)
:
SECURIGUARD INC., et al.  :
:
    Defendants.  :

### DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC") (collectively "the Security Guard Defendants"), by counsel, hereby respond to Plaintiffs' Opposition to Defendants' Motion To Dismiss, which the Plaintiff, appearing *pro se*, filed on or about January 5, 2007 in this case.

The Plaintiff's Opposition Brief is confusing, oftentimes disjointed, and frequently off-target. For example, at page 6 of her Opposition Brief, the Plaintiff concludes that "[t]hus, *Fahey, Johnson and the FDIC* were negligent and liable to Plaintiff for damages as a direct result of Douglas R. Fahey's malicious, (sic) intent, and gross misconduct." (Emphasis added.) But none of the emphasized parties are defendants in the instant case, and this is but one example of the Plaintiffs' infrequent mention of the Security Guard Defendants. And, at page 2 of her Opposition Brief, the Plaintiff states that she "has more than sufficiently demonstrated that her claims *under the Administrative Procedure Act, 5 U.S.C. § 702 et seq. ("APA"), the Fifth Amended to the United States Constitution and her assertion of a constitutional right to privacy*, all survive." (Emphasis added.) Yet the *Pro Se* Complaint in this case nowhere asserts causes of

---

[1] USEC's proper name is USEC Service Corporation.

action based on the APA, the Fifth Amendment of the United States Constitution, or any constitutional right to privacy—legal theories that would appear completely inapplicable in any event to the Security Guard Defendants, who are non-governmental entities.

As the title of her Complaint in this particular case reveals, the Plaintiff purports to sue the Security Guard Defendants for, at most, negligence, negligent hiring, defamation of character, and unauthorized interception of oral communications. The Plaintiffs' case against the Security Guard Defendants appears to be built on her assertion that an employee, Douglas Fahey, engaged in "illegal wiretapping" by asking an FDIC student intern, Jenika Johnson, to tape record a conversation between Ms. Johnson and the Plaintiff as part of an FDIC-requested investigation into allegations of work place threats.[2] (*See, e.g.*, Plaintiff's Opp. at 5-6.) It is this central allegation that is principally at issue in this motion to dismiss.

In their opening brief, the Security Guard Defendants have demonstrably established as a matter of law that Mr. Fahey acted lawfully when he requested Ms. Johnson to tape record her conversation with the Plaintiff as part of the investigation into what Ms. Johnson perceived to be

---

[2] The Plaintiff attaches a number of documents—some incomplete and many with unauthenticated marginalia—to her Opposition Brief. Although some are not attached to the Complaint, and thus may not be considered in connection with a Rule 12(b)(6) motion, the documents may provide some context for the Court to better understand the *Pro Se* Complaint. According to affidavits at Tab 3 of the Plaintiff's Opposition Brief, Ms. Johnson made a report to James T. Lantelme, Assistant General Counsel at FDIC, that the Plaintiff had made certain comments that Johnson perceived as threatening. Mr. Lantelme then initiated an investigation into Ms. Johnson's allegations pursuant to FDIC policies and procedures in place for addressing workplace violence issues. (*See* Sept. 27, 2004 Affidavit of James T. Lantelme; *see also* Oct. 4, 2004 Affidavit of Jenikia J. Johnson (detailing the allegations about the Plaintiff that Ms. Johnson made to Ms. Lantelme); Oct. 8, 2004 Affidavit of William A. Kmetz.) According to documents at Tab 2, Mr. Fahey held the position of "Investigator," whose job responsibilities included "conduct[ing] long-term, short-term, and odd hour investigations," "conduct[ing] interviews," "develop[ing] and follow[ing] leads," "tak[ing] statements," "gather[ing] information and facts," and "prepar[ing] narrative reports" for the FDIC. An FDIC employee, William A. Kmetz, asked Mr. Fahey to investigate the allegations of work-place threats that Ms. Johnson made against the Plaintiff. (*See* Oct. 8, 2004 Affidavit of William A. Kmetz.)

2

the Plaintiff's work-place threats. *See* 18 U.S.C. § 2511(c) and (d) (generally permitting a person, whether or not "acting under color of law," to intercept an oral communication where such person is a party to the communication); *see also* D.C. Code § 23-542(b)(2) and (3) (same). While the Plaintiff generically cites "18 U.S.C. Section 119"—presumably a reference to Chapter 119 of Title 18 of the United States Code—as prohibiting the "interception" of any oral communication (*see* Plaintiff's Opp. at 5), she ignores the specific statutory provisions of Chapter 119, cited by the Security Guard Defendants, that plainly allowed Mr. Fahey to seek Ms. Johnson's consent and to facilitate her recording of conversations she personally had with the Plaintiff. Simply put, the Plaintiff fails to allege any facts that, if true, would support her erroneous legal conclusion that Mr. Fahey somehow acted unlawfully in his investigation.[3]

Even if the Plaintiff seeks to state a cause of action against the Security Guard Defendants extending beyond her illegal wiretapping contention, it would appear to rest solely on the Plaintiff's view—unsupported by any specific factual allegations—that the investigation of Ms. Johnson's allegations that the Plaintiff made work-place threats was somehow tainted by negligence. Whether couched in terms of "negligence," "negligent hiring," "defamation," or some other legal theory, the Plaintiff again fails to make any specific factual allegations that, if true, would state a cause of action against the Security Guard Defendants.

---

[3] The Plaintiff also fails to respond to the Securiguard Guard Defendants' argument that any private cause of action that the Plaintiff might be able to assert pursuant to 18 U.S.C. § 2520 is barred by the two year statute of limitations provided in subsection (e) of that statute, and that the allegations of the *Pro Se* Complaint unequivocally demonstrate that the Plaintiff was aware by at least May 11, 2004 that Ms. Johnson had recorded certain conservations that Ms. Johnson had with her.

Accordingly, for the reasons set forth herein, the Security Guard Defendants request that this Court dismiss the Plaintiff's *Pro Se* Complaint in this case.

Respectfully submitted,

/s/
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendants Securiguard, Inc. and USEC Corporation*

CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of this document to be served by ECF for all counsel of record and by first class mail, postage prepaid, on each of the following on this 12th day of January 2007:

Yolanda C. Gibson-Michaels, *Pro Se*
2210 Anvil Lane
Temple Hills, MD 20748

/s/
Scott D. Helsel