UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,　　　:

　　Plaintiff,　　　　　　　　　　　　　　:

　v.　　　　　　　　　　　　　　　　　　:　　CASE NO. 1:06CV01938 (RMU)

SECURIGUARD INC., et al.　　　　　　　:

　　Defendants.　　　　　　　　　　　　:

**DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S
RESPONSE TO MOTION TO STAY COMPLAINT WITHOUT
PREJUDICE TO ENTER INTO SETTLEMENT NEGOTIATIONS
WITH THE FEDERAL INSURANCE CORPORATION (FDIC) ET AL.**

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC") (collectively "the Security Guard Defendants"), by counsel, hereby respond to Plaintiff's *Pro Se* "Motion To Stay Complaint Without Prejudice To Engage Into Settlement Negotiations With The Federal Deposit Insurance Corporation (FDIC) et al." ("the Plaintiff's Stay Motion"). For the reasons set forth below, the Security Guard Defendants respectfully request that the Court deny the Plaintiff's Stay Motion.

The Plaintiff's Stay Motion suggests that the Plaintiff wants to engage in settlement discussions with FDIC—and perhaps with other defendants, although this is less clear: for example, no settlement discussions have ever been directed to the Security Guard Defendants. To this end, the Plaintiff appears to have now hired an attorney, David Rose, Esquire, to serve as "the point of contact for all [s]ettlement negotiations on behalf of Plaintiff."[2] (Motion at p. 7.)

---

[1] USEC's proper name is USEC Service Corporation.

[2] It is unclear if Mr. Rose intends to enter his appearance in this case. If he does, the Security Guard Defendants would hope that the Plaintiff's claims against them will be voluntarily dismissed.

However, the Plaintiff provides no explanation for why a stay of litigation in her *pro se* law suit—thus delaying decision on the fully-briefed motion to dismiss filed by the Security Guard Defendants—is necessary or even beneficial to any meaningful settlement discussions. More fundamentally, the Plaintiff again fails to provide the Security Guard Defendants with any compelling explanation of her case that would cause them to prefer engaging in settlement discussions rather than seeking the dismissal of the case.

Accordingly, for the reasons set forth herein, the Security Guard Defendants request that this Court deny the Plaintiffs' Stay Motion.

Respectfully submitted,

_____/s/_____
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendants Securiguard, Inc. and USEC Corporation*

2

## CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of this document to be served by ECF for all counsel of record and by first class mail, postage prepaid, on each of the following on this 29th day of January 2007:

>Yolanda C. Gibson-Michaels, *Pro Se*
>2210 Anvil Lane
>Temple Hills, MD 20748
>
>David Rose, Esquire
>Rose & Rose
>1320 19th Street, NW, Suite 601
>Washington, DC 20036-1655

_____/s/_____
Scott D. Helsel
