RECEIVED
FEB 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )  <br> Plaintiff, ) <br> ) <br> v. ) Civil Action Nos.**1:06CV01940** <br> ) <br> SHELA C. BAIR, et.al. ) <br> Defendants ) | |

### PLAINTIFFS REPLY TO DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S RESPONSE TO MOTION TO STAY COMPLAINT WITHOUT PREJUDICE TO ENTER SETTLEMENT NEGOTIATIONS

Now Comes, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled complaint and files a Reply to Defendant Securiguard, Inc. ("Securiguard") and USEC Services Corporation ("USEC") set forth the following:

1.   Defendant Securiguard, Inc. ("Securiguard") and USEC Services Corporation ("USEC") argument is moot.

2.   Patricia Del Marvil, CEO, Securiguard and USEC Services Corporation were aware that Douglas R. Fahey was unlicensed and was not employed with Securiguard. The General Services Administration (GSA) confirmed that Securiguard's contract with the Federal Deposit Insurance Corporation (FDIC) did not contract "Investigators". Securiguard only contracted **GUARD SERVCIES** under **GS-07F-0291N**. Securiguard and USEC Services Corporation were aware, had knowledge, allowed, and permitted Douglas R. Fahey impersonation of an unlicensed prohibited investator.

3. On **October 11, 2004**, FDICs EEO investigator Mr. Barry Cohen confirmed by his own investigative report that Douglas R. Fahey was employed by USEC Services Corporation; not Securiguard contract. USEC Corporation confirmed Douglas R. Fahey's employment with USEC not Securiguard. **(See Exhibit A)**

4. Securiguard's CEO **Patricia Del Marvil** had a duty to ensure that security guard undergo a full back ground check. Securiguard breached its duty of care to provide a safe environment for FDIC Federal employees. Plaintiff had a right to be free from harassment, retailaiton, reprisal, age, race, sexual harassment, and egregious deprivation of rights, property, rights secured under the U.S. Constitution. Securiguard by is own advertisement stated, in part that:

> "**Securiguard of services of licensed and bonded armed and unarmed security officers. Each member of the Securiguard team undergoes a complete background investigation prior to being hired. Personnel are selected for high standards of personal conduct, dependability, and proven experience.**"

5. Securiguard's and USEC Corporation selection of so-called guards with high standards was exemplified by Douglas R. Fahey's negligence, incompetence, and decision to ignore a Federal Theft. Douglas Fahey stated, in part, that:

> "**Please understand this interview is not being conducted for the purpose of uncovering facts that would help determine the guilt or innocence of anyone as it relates to the theft of money involving Jenekia Johnson and Kristian Beard. Rather, this interview will focus on the allegation of Ms. Johnson that your comments to her about the stolen money left her feeling threaten by you.**" (See Exhibit A)

2

### Government Contractor Defense – Defendant's Argument is Moot

Defendants attempt to assert a "governmental contractor defense," is moot. See Scainetti v. United States, __ F.3d __, NYLJ Dec. 26, 2002, p. 32, cols. 1-3 (S.D.N.Y. 2002). Securiguard's CEO Patricia Del Marvil, and USEC Services Corporation CEO Davil Del Marvil engaged into **gross negligence**, **willful misconduct**, Title VII, age, race among other violations of Plaintiff rights by and through its reckless and negligent hiring practices

6. Plaintiff was held against her will for well over 3 hours by Douglas R. Fahey (impersonator), false arrest (detention), denied counsel, interrogated. Interrogations require invocation of "Miranda Rights"

7. Plaintiff provided evidence to his Honorable Court that: (1) Douglas R. Fahey was unlicensed; (2) USEC Corporation confirmed that Douglas R. Fahey was not employed by Securiguard, (3) DOJ Criminal Division confirmed that Douglas R. Fahey did not have a Court order, (4) Metropolitan Police Department confirmed that Douglas R. Fahey was unlicensed. Defendants **violated Plaintiff** under Title VII, Parental Rights, Age, race, sex, harassment, false arrest, were **negligent**, and are liable to Plaintiff.

8. In 1986, Congress amended Title III by enacting the Electronic Communications Privacy Act of 1986. Specifically, Congress added a new category of covered communications, i.e., "**electronic communications**," **which would now be protected**, and **whose interception would be regulated, by Title III. Electronic communications** See 18 U.S.C. § 2510(12).

**Wherefore**, Plaintiff provided to this Honorable Court evidence throughout her pleadings upon which relief may be granted. Thank you.

Respectfully submitted,

_____
Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of **February 2007**, a copy of the foregoing Plaintiff Reply to Defendant Douglas R. Fahey Response was mailed by regular mail delivery to the following:

**Copies to**:

David Zachary Kaufman, Esq.
Kaufman Law Firm, A Professional Corporation
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030
Counsel for Defendants Securiguard, Inc.
  and USEC Corporation

Scott D. Helsel (D
Walton & Adams, PC
1924 Isaac Newton Square
Reston, Virginia 20190

Shelia C. Bair
Federal Deposit Insurance Corporaiton (FDIC)
550 17th Street, N.W. MB-6029
Washington, D.C. 20429

Kathleen Gunning, Counsel and Tina Lamoreaux, Counsel
Federal Deposit Insurance Corporation (FDIC)
3501 North Fairfax Drive
Arlington, Virginia

Jenekia J. Johnson, Prose Defendant
1414 Colony Road
Oxon Hill, Maryland 20748

Douglas R. Fahey
3716 Dalebrook Drive
Dumfries, Virginia 22015-1804

Patricia Del Marvil
Chairman CEO
Securiguard Incorporation
6858 Old Dominion Drive – Suite 307
McLean, Virginia 22101

David L. Marvil
Chairman CEO
USEC Corporation
7531 Leesburg Pike – Suite 402
Falls Church, Virginia  22101

Robert Feldman, Executive Secretary
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C.  20429

Mr. Wan Kim
Assistant Attorney General
Civil Rights Division
Office of the Assistant Attorney General
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Claire Whitaker
Assistant U.S. Attorney
555 4th Street, N.W. Room E-4204
Washington, D.C.  20530

Jeffery A. Taylor
Assistant U.S. Attorney
555 4th Street, N.W. Room E-4204
Washington, D.C.  20530

Rudolph Contreras
Assistant U.S. Attorney
555 4th Street, N.W. Room E-4204
Washington, D.C.  20530