UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,   :
       Plaintiff,   :
       v.   :   CASE NO. 1:06CV01938 (RMU)
SECURIGUARD, INC., et al.   :
       Defendants.   :

### DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANTS' LOCAL RULE 7.1 CERTIFICATION

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC") (collectively "the Security Guard Defendants"), by counsel, hereby request that this Court strike the Plaintiff's so-called "Opposition to Defendants' Local Rule 7.1 Certification," which she filed in this case on February 12, 2007. To the extent that the Plaintiff's filing may be deemed to be a motion by her, then the Security Guard Defendants' filing here shall also constitute their response and opposition to the same.[2]

The Plaintiff's criticism of the Security Guard Defendants' Local Rule 7.1 Certification is readily answered by the plain language of Local Civil Rule 7.1, which requires corporate parties to identify any parent companies, subsidiaries, or affiliates which have outstanding securities in the hands of the public. Simply put, each of the Security Guard Defendants have made an

---

[1] USEC's proper name is USEC Service Corporation.

[2] It does not appear from the Court's docket that the Plaintiff has lodged any objection to the Security Guard Defendants' Local Rule 7.1 disclosure filed in the related case of *Yolanda C. Gibson-Michaels v. Bair, et al.*, Case No. 1:06CV01938. To the extent the Plaintiff has done so, or seeks to do so in the future, the Security Guard Defendants ask the Court to strike the filing in that case too.

accurate Local Civil Rule 7.1 disclosure in this case: neither company has any parent companies, subsidiaries, or affiliates with outstanding securities held by the public.

However, the Plaintiff does not simply ignore Local Civil Rule 7.1. In filing her "Opposition to Defendants' Local Rule 7.1 Certification," the Plaintiff also resorts to reckless misinformation, fabrication, and harassment. In engaging in such conduct, the Plaintiff implies some sort of wrongdoing by the Security Guard Defendants—there clearly is none—that threatens to besmirch the good reputations of the Security Guard Defendants and their directors, officers, and employees. No party should be required to suffer being the subject of patently false and unsupportable statements made in public court filings. This cannot be excused simply because the Plaintiff is appearing *pro se*.

For example:

- Contrary to the Plaintiff's assertion, USEC does not do business "under the alias of Commerce Funding Corporation." (Pl. Br. at 2.) While Commerce Funding Corporation is a creditor of USEC, neither Commerce Funding Corporation nor Wells Fargo Bank, N.A. is a parent company, subsidiary, or affiliate of USEC that is subject to Local Rule 7.1 disclosure.

- Again contrary to the Plaintiff's assertion, David L. Marvil (misidentified by the Plaintiff as "David Del Marvil") is not a current director, officer, or owner of USEC, and there is no "conflict of interest" between USEC and Securiguard. (Pl. Br. at 2.)

- While Patricia DeL. Marvil, the chairman and chief executive officer of Securiguard, also serves on the board of directors of Security One Bank, her service in that capacity is not subject to Local Rule 7.1 disclosure and has

2

absolutely <u>no</u> relevance to this lawsuit. Security One Bank is <u>not</u> a parent company, subsidiary, or affiliate of Securiguard.

- The Plaintiff's own exhibits reveal that the public quote attributed by the Plaintiff to Ms. Marvil—completely benign in its own right—was <u>not</u> even made by her. (*Compare* Pl. Br. at 2 (claiming that Ms. Marvil "announced that … '[Security One Bank, f/k/a The Washington Bank] raised more than $15 million dollars in capital, exceeding its maximum, so that we were required to return the excess funds to investors'") *with* Pl. Br., Exhibit A, Security One Bank Press Release (dated Feb. 23, 2006) (attributing this same quote to a different individual).)

- Whidbey Island Bank—apparently a small Washington-state-based bank that (according to its website) may be owned by a public company called "Washington Banking Company"—has <u>no</u> connection whatsoever to either of the Security Guard Defendants.

Despite its title, the remainder of the Plaintiff's "Opposition to Defendants' Local Rule 7.1 Certification"—found at pages 4 through 6—actually purports to be additional argument—much of it duplicative of earlier filings—in opposition to the Security Guard Defendant's motion to dismiss, which has already been fully briefed by the parties. However, Local Civil Rule 7 does not permit the Plaintiff to file a second round of opposition briefing to the Security Guard Defendants' motion to dismiss.[3]

---

[3] In this section of her "Opposition," the Plaintiff asserts that Securiguard is "registered as a Foreign Profit Corporation." (Pl. Br. at 5.) Based on the Plaintiffs' exhibits, it appears that she is referring to the fact that Securiguard—a Virginia corporation—is registered to do business in the state of Florida. (*See* Pl. Br. Ex. A—Printout from Florida Department of State, Division of Corporations.) Although irrelevant to this case, there also is nothing improper about it.

Although a *pro se* litigant's *pro se* filings may not be held to the same standards as are imposed on filings made by attorneys, even *pro se* litigants cannot engage in frivolous and vexatious litigation, and related misconduct in the course of litigation. If the Plaintiff persists in making similar filings in the future, appropriate sanctions should be considered.

Because the Security Guard Defendants have complied with the requirements of Local Rule 7.1, the Plaintiff's "Opposition to Defendant's Local Rule 7.1 Certification" should be stricken, and the Plaintiff's request for a court-ordered subpoena compelling the Security Guard Defendants to turn over financial information to the Plaintiff and the Court should be denied.

Respectfully submitted,

_____/s/_____
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendants Securiguard, Inc. and USEC Service Corporation*

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certified that I caused a true and correct copy of this document to be served by ECF for all counsel of record and by first class mail, postage prepaid, on each of the following on this 22nd day of February 2007:

>Yolanda C. Gibson-Michaels, *Pro Se*
>2210 Anvil Lane
>Temple Hills, MD 20748

>David Rose, Esquire
>Rose & Rose
>1320 19th Street, NW, Suite 601
>Washington, DC 20036-1655

/s/
Scott D. Helsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,      :
                                 :
        Plaintiff,                :
                                 :
    v.                            :     CASE NO. 1:06CV01938 (RMU)
                                 :
SECURIGUARD, INC., et al.         :
                                 :
        Defendants.               :

## **ORDER**

This matter comes before the Court on Defendant Securiguard Inc. and USEC Corporation's Motion To Strike Plaintiff's Opposition To Defendants' Local Rule 7.1 Certificate ("the Defendants' Motion"). For good cause shown, the Court hereby GRANTS the Defendants' Motion and directs the Clerk to strike from the docket in this case Plaintiff's Opposition To Defendants' Local Rule 7.1 Certificate (Docket Entry No. 16), which was filed on February 12, 2007.

Entered this _____ day of _____, 2007.


_____
Judge, United States District Court