UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,  :
:
    Plaintiff,  :
:
v.  :  CASE NO. 1:06CV01938 (RMU)
:
SECURIGUARD, INC., et al.  :
:
    Defendants.  :

**DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO PERMANENTLY SUPPRESS EVIDENCE AND MOTION FOR INJUNCTIVE RELIEF**

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC") (collectively "the Security Guard Defendants"), by counsel, oppose the Plaintiff's "Motion To Permanently Suppress Evidence And Motion For Injunctive Relief" ("the Plaintiff's Motion"). The Plaintiff has also filed the same motion in the related case of *Gibson-Michaels v. Bair, et al.*, Case No. 1:06CV01938 (RMU), which the Security Guard Defendants also oppose and generally join in the reasoning of the FDIC-related defendants in their opposition to the Plaintiff's Motion filed in the related case on April 6, 2007.

The Plaintiff's Motion appears, in essence, to be a motion *in limine* asking the Court to rule that the contents of a tape-recorded oral conversation between the Plaintiff and an FDIC student intern, Jenikia Johnson, are inadmissible. The tape recording was made by Ms. Johnson as part of a formal investigation into an allegation that the Plaintiff had made threatening statements to Ms. Johnson at work. Neither the tape recording, nor a transcript of its contents, have been submitted to the Court.

---

[1] USEC's proper name is USEC Service Corporation.

The principal basis on which the Plaintiff seeks to exclude the tape recording is her contention that it was unlawfully made and obtained. This is demonstrably incorrect. As explained in greater detail in the Security Guard Defendants' pending motion to dismiss, one of the participants to the conversation – Ms. Johnson – tape recorded it. Therefore, the tape recording violates neither federal nor District of Columbia law. See 18 U.S.C. § 2511(c) and (d) (generally permitting a person, whether or not "acting under color of law," to intercept an oral communication where such person is a party to the communication); D.C. Code § 23-542(b)(2) and (3) (same). Simply put, the tape recording and its contents cannot be held to be inadmissible on this basis.

Any other argument that the Plaintiff might make for exclusion of the tape recording is, at best, premature. This case is still at the pleadings stage, with dispositive motions pending for decision. The nature of the Plaintiff's claims remain hazy, hampering the Security Guard Defendants in their ability to defend any of the Plaintiff's claims – if there are any – that might survive dispositive motions. There has not even been any discovery yet; indeed, the Plaintiff has refused to join with the Defendants in filing a joint report following the meet-and-confer session held pursuant to Local Civil Rule. 16.3. The tape recording (which undersigned counsel has never even heard) may, or may not, be offered as evidence, but the Security Guard Defendants cannot even make such a determination on that issue at the present stage of these proceedings.

Because the Plaintiff's Motion is based on a demonstrably wrong proposition of law and is also premature, the Security Guard Defendants respectfully request that it be denied.

          Respectfully submitted,

          _____/s/_____
          Scott D. Helsel (DC Bar No. 455763)
          WALTON & ADAMS, P.C.
          1924 Isaac Newton Square
          Suite 250
          Reston, VA 20190
          (703) 790-8000 (voice)
          (703) 790-8016 (fax)

          *Counsel for the Defendants Securiguard, Inc.*
          *and USEC Service Corporation*

## CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of this document to be served by ECF for all counsel of record and by first class mail, postage prepaid, on each of the following on this 9th day of April 2007:

    Yolanda C. Gibson-Michaels, *Pro Se*
    2210 Anvil Lane
    Temple Hills, MD 20748

    David Rose, Esquire
    Rose & Rose
    1320 19th Street, NW, Suite 601
    Washington, DC 20036-1655

    All Defense Counsel of Record in Related Cases (by e-mail only)

          _____/s/_____
          Scott D. Helsel