IN THE UNITED STATES DISTRICT COURT **RECEIVED**
FOR THE DISTRICT OF COLUMBIA

APR 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

YOLANDA C. GIBSON-MICHAELS )
      Plaintiff,   )
              )
    v.   ) Civil Action: **06CV01938 (RMU)**
              )
SECURIGUARD et.al.   )
      Defendants   )

### PLAINTIFFS' OPPOSITION TO DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S MOTION FOR EXTENSION OF TIME TO FILE MEET-AND-CONFER STATEMENT AS REQUIRED BY LOCAL RULE 16.3

Comes Now, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled action and files a **Motion in Opposition to Defendant Securiguard, Inc**. and **USEC Services Corporation** Motion for Extension of Time to File a Meet-and-Confer Statement (Local Rule 16.3).

First, it is noted that Defendant did not seek Plaintiff's request before said Motion was filed.

Secondly, Plaintiff filed a **Motion to Suppress Evidence** and **Injunctive Relief** pursuant to Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, Privacy Act, 5 U.S.C. § 552a, § 2518 wire, oral, or electronic communications by which "Priorities in Trial Court" rules apply and takes precedence.

)

I.  **PRIORITIES IN TRIAL COURTS**

1. Accordingly, LCvR 16.2 states, in part that: **"Actual trials of civil or criminal cases in this court or in the Superior Court will be accorded priority over any non trial matters in either court. For the purpose of this Rule, [a hearing on a preliminary injunction shall be regarded as a trial]. A judge shall set a date for trial only after ascertaining that trial counsel have no conflicting trial or appellate engagement in any court within the District of Columbia."**

II. **Exclusion From Evidence**

2. The Wiretap Act provides a broad and sweeping exclusionary rule. 18 U.S.C. §2515 provides: Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and [**no evidence derived therefrom may be received in evidence in any trial**], [**hearing**], or ]**other proceeding in**] or [**before any court**], [**grand jury**], **department**, **officer**, **agency**, **regulatory body**, **legislative committee**, or **other authority of the United States**, **a State**, or **a political subdivision** thereof disclosure of that information would be in violation.

3. In Gelbard v. United States, 408 U.S. 41, 50-51 (1972), the Supreme Court described the exclusionary rule as: **"A protection for 'the victim of an unlawful invasion of privacy' §2515 serves not only to protect the privacy of communications,[but also to ensure that the courts do not become partners to illegal conduct] the evidentiary prohibition was enacted also to protect the integrity of court and administrative proceedings....excludes all derivative evidence."**

4. Courts apply the **Fourth Amendment ["Fruit of the poisonous tree doctrine**. See U.S. v. Smith, 155 F.3d 1051, 1060 (9th Cir. 1998). Thus, courts apply the Fourth Amendment **search-and-seizure jurisprudence** in which Section 2515 rule applies to all court proceedings, Federal and State administrative agencies, legislatures etc. See United States v. Janis, 428 U.S. 433 (1976), See United States v. Calandra, 414 U.S. 338 (1974).

5. It is indisputable that the Federal Deposit Insurance Corporation (hereafter "FDIC") and named Defendants Pre-trial discovery, use, duplication and disclosure, of evidence is and continues to violate of 18 U.S.C. – 119, 18 U.S.C. § 1028 to **knowingly transfer** or **use, without lawful authority**; and in violation of the Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, 82 Stat. 211, 9-7.100.

6. ECPA amended the Wiretap Act in several important respects and created a new statute, the Stored Communications Act. In general, the amended Wiretap Act prohibits the **<u>unauthorized "interception" of oral, wire</u>** and **<u>electronic communications</u>**, while the Stored Communications Act prohibits unauthorized "access" to wire and electronic communications in temporary and back up storage.

### III. <u>WireTap Acts Protection</u>

7. The Wiretap Act protects the privacy of three types of communications which are statutorily defined as **"oral communications," "wire communications"** and **"electronic communications."** 18 U.S.C. §2510. See U.S.C. §2701(a) and 18 U.S.C. §2510 (15).

8. **<u>Oral Communications</u>**: An "**oral communication**" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication." 18 U.S.C. §2510(2).

9. This complicated definition can be divided into three separate elements: The communication needs to be something **"uttered" by a human being**. The communication must be (a) be made under circumstances which objectively justify an expectation of privacy and (b) must be made by a person who has an actual expectation of privacy. See, Key v. City of Rowlett, 247 F.3d 206, 211 (11 th Cir., 2001) (applying essentially the same "reasonable expectation of privacy test" that is used for Fourth Amendment purposes); U.S. v. Longoria, 177 F.3d 1179, 1181 (10 th Cir. 1999).

10. See Supreme Court in Katz v. United States."); Dorris v. Absher, 179 F.3d 420 (6th Cir. 1999)(**coworkers in a small office had a reasonable expectation of privacy**); See the Matter of John Doe Trader Number One, 894 F.2d 240 (7thCir. 1990). The Wiretap Act defines **"aural transfer"** as **"a transfer containing the human voice at any point between and including the point of origin and the point of reception."** 18 U.S.C. §2510(18).

### IV.  **What The Wiretap Act Prohibits**

11. The **Wiretap Act prohibits the interception, use** and **disclosure of protected communications**. As such, 18 U.S.C. §2511(1) provides that, except as **authorized by the Wiretap Act itself no person may intentionally** Intercept, endeavor to intercept, or procure any other person to intercept, any wire, oral or electronic communication, §2511(1)(a), or use, or endeavor to use the contents of any wire, oral or electronic communication, knowing or having reason to know that the information was obtained through by interception in violation of the Act, §2511(1)(d)

12. It's unlawful to disclose to any person the contents of any wire, oral or electronic communication, knowing or having reason to know that the information was obtained through interception in violation of the Act. §2511(1)(c). The statute also prohibits the use of certain electronic, mechanical and other devices to intercept oral communications, §2511(1)(b), and certain disclosures concerning communications intercepted pursuant to the Act in the course of a criminal **investigation**, §2511(1)(e).

6

V. **Defendants Unauthorized Use, Disclosure, Duplication**

13.   Accordingly, 18 U.S.C. §2511(1)(d) prohibits the "use" of "the contents of any wire, oral or electronic communication" by any person, "knowing or having reason to know that the information was obtained through by interception in violation of the [Wiretap] Act." Under this statute, a person who **"uses"** the contents of an illegally intercepted communication may be prosecuted for a federal crime and held liable for civil damages.

14.   In one case, during discovery, an **[Attorney]** who wrote to opposing counsel suggesting that he might introduce telephone conversations that his client **illegally recorded was held liable for damages**. See **Leach v. Bryam, 68 F.Supp.2d 1072 (D.Minn, 1999)**. See Rodgers v. Wood, 910 F.2d 444 (7th Cir. 1990). **[An attorney who used tapes of illegally intercepted communications to frame deposition questions]** and **[later introduced them in a court hearing was criminally convicted]**. See U.S. v. Wuliger, 981 F.2d 1497 (6th Cir. 1992)(**reversing conviction due to improper jury instructions**). See Bess v. Bess, 929 F.2d 1332 (8th Cir. 1991).

7

15. Moreover, the statutes of limitation does not require a claimant have actual knowledge of the violation; it demands only that the claimant have had a reasonable opportunity to discover it." See Davis v. Zirkelbach, 149 F.3d 614, 618(7th Cir. 1998).

## VI. Criminal Penalties

16. The statute, constitutional, and cases cited in this involve **_attorneys who used_**, **endeavor to use in discovery**, or **disclosed illegally intercepted communications**. These attorneys were sued, held liable for statutory damages, criminally prosecuted and suspended or disbarred from practice. The Wiretap Act provides a range of penalties depending on the type of violation. 18 U.S.C. §2511(4). Most violations are punishable by a maximum of five years in prison plus a fine.

## VII. Standing Under The Stored Communications Act: The Stored

17. Communications Act contains very different and broader language: "Any person aggrieved by an violation of [the Stored Communications Act] in which the conduct constituting the violation is engaged in with a knowing or intentional state of mine may, in a civil action, recover from the person or entity which engaged in that violation 18 U.S.C. §2707(a)"

8

18.   Disclosing the contents of an illegally intercepted communication to another person is also prohibited. 18 U.S.C. §2511(1)(c). See e.g., Rogers v. Wood, 910 F.2d 444 (7th Cir, 1990); Leach v. Bryam, 68 F.Supp. 1079 (D. Minn. 1999).

19.   The D.C. Circuit has outright recognized the **"right of a federal job applicant to seek injunctive relief from an agency's violation of his constitutional rights in general**." See Hubbard v. U.S. E.P.A. Admin., 809 F.2d 1, 11 (D.C.Cir. 1986). See O'Donnell v. Barry, 148 F.3d 1126, 1143-44 (D.C. Cir. 1998), citing Kartseva v. Department of State, 37 F.3d 1524, 1527-29 (D.C.Cir.1994).

**Plaintiff established a *prima facie* case**

20.   Plaintiff has shown that because of the existence of the unauthorized interception of her oral communication, duplications of the tape recording, creation of an investigation interview report disclosure of tapes, transcripts, medical documentation regarding Plaintiff's family that Plaintiff is entitled to a suppression of evidence, injunctive relief.

21.   Plaintiff established liability on behalf of the FDIC and named defendants which further warrant issuance of an **Injunctive Relief** on behalf of Plaintiff.

**DUE PROCESS CLAUSE**

22. The Due Process Clause of the Fifth Amendment forbids the federal government from depriving persons of "life, liberty, or property, without due process of law." "'Liberty' and 'property' are broad and majestic terms. See County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1716 (1998), this is so "whether the fault lies in a denial of fundamental procedural fairness" or "in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." See Lewis, 118 S.Ct. at 1716. The **Wiretap Act** provides for three forms of relief including:

(1) **Preliminary** and other **equitable** and **declaratory relief**,

(2) **Statutory**, actual and where appropriate punitive damages, and

(3) **Reasonable** attorney's fees and litigation costs reasonably incurred. See, 18 U.S.C. §2520(b).

**Wherefore**, for all of the reasons outlined above, Plaintiff petitions this Honorable court to grant Plaintiff's Motion to Permanently Suppress evidence and Injunctive Relief; and deny Defendants Motion for an Extension of Time to File a Meet and Confer Statement.

Case 1:06-cv-01938-RMU   Document 30   Filed 04/09/2007   Page 11 of 14

**Wherefore**, the Federal Deposit Insurance Corporation (FDIC), Defendants, and Counsel are prohibited to engage, attempt to use, disclose, rely upon evidence collected, disclosed pursuant to Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, Privacy Act, 5 U.S.C. § 552a, § 2518 wire, oral, or electronic communications by which "Priorities in Trial Court" rules apply and takes precedence.

**Wherefore**, as stated earlier, LCvR 16.2 provides that: **"Actual trials of civil or criminal cases in this court or in the Superior Court will be accorded priority over any non trial matters in either court. For the purpose of this Rule, [A hearing on a preliminary injunction shall be regarded as a trial]. A judge shall set a date for trial only after ascertaining that trial counsel has no conflicting trial or appellate engagement in any court within the District of Columbia."**

Respectfully submitted,

_____
Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

11

## CERTIFICATE OF SERVICE

I herby Certify that on this **9th Day of April 2007**, Plaintiff's Opposition to Securiguard and USEC Corporation's Motion for Extension of Time to File A Meet-and-Confer Statement – Local Rule 16.3 was mailed by certified mail to named defendant and hand-delivered to the U.S. District Court.

**Copies to:**

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

## CERTIFICATE OF SERVICE

I herby Certify that on this **9th Day of April 2007**, Plaintiff's Opposition to Securiguard and USEC Corporation's Motion for Extension of Time to File A Meet-and-Confer Statement – Local Rule 16.3 was mailed by certified mail to named defendant and hand-delivered to the U.S. District Court.

**Copies to:**

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action: **06CV01938 (RMU)** |
| ) | |
| SECURIGUARD et.al. ) | |
| Defendants ) | |

## ORDER

This Court has recognized that Plaintiff has filed a Motion to Suppress Evidence and Injunctive Relief. Plaintiff Motion invokes her entitlement to a hearing in accordance to LCvR 16.2. Thereby it is upon consideration that Plaintiff Opposition to Securiguard and USEC (Defendant) Motion for Extension of time to file a Meet and Confer is hereby **Granted** on this _____ day of _____, 2007.

_____
Judge

**Copy to:**

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia 20190

13