IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff, )
)
v. ) Civil Action: **06CV01938 (RMU)**
)
SECURIGUARD, et.al. )
    Defendants )

### PLAINTIFFS' OPPOSITION TO SECURIGUARD AND USEC CORPORAITON'S OPPOSITION TO PLAINTIFF'S MOTION TO PERMANENLTY SUPPRESS EVIDENCE AND MOTION FOR <u>INJUNCTIVE RELIEF</u>

Plaintiff Yolanda C. Gibson-Michaels (prose), Opposition to Securiguard and USEC Services Corporation Opposition to Plaintiff's Motion to Permanently Suppress Evidence and Motion for Injunctive Relief; and states that Defendant's Opposition has no substance.

Defendant's <u>**Securiguard**</u> by and through its CEO, Patricia Del Marvil and <u>**USEC Services Corporation**</u> by and through its CEO David Marvil (Tortfessors) knowingly, willfully, intentionally, negligently hired retained, employed an unlicensed contract security guard <u>**Douglas R. Fahey**</u> whom caused Plaintiff irreparable harm, defamation of character, by and through the unlawful interception of Plaintiff's oral communication.

RECEIVED
APR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Plaintiff's motion to suppress evidence and injunctive relief is warranted. The Federal Deposit Insurance Corporation (FDIC) et.al., denied Plaintiff **due process, procedural due process**, 1st, 2nd, 4th, 5th Amendments, **Miranda rights, Denied Counsel**; detained (false arrest) Plaintiff. The Fifth Amendment provides that no person shall be "**deprived of life, liberty, or property, without due process of law.**" *See* U.S. CONST. Amend. V. In order to have a life, liberty, or property interest, a person must have more than an abstract need or desire. Courts apply the **Fourth Amendment** ["**Fruit of the poisonous tree Doctrine**. See **U.S. v. Smith**, 155 F.3d 1051, 1060 (9th Cir. 1998) and the **Fourth Amendment search-and-seizure jurisprudence.** See United States v. Janis, 428 U.S. 433 (1976), See United States v. Calandra, 414 U.S. 338 (1974).

Defendants characterization of Plaintiff's Motion (in limine) is baseless. Thus, Plaintiff's Motion to Suppress Evidence and Injunctive Relief is warranted. The statute provides that an aggrieved person may request injunctive relief. See **§ 2521. Injunction.** See *U.S. v. U.S. District Court*, 407 U.S. at 316. The Fourth Amendment was adopted to assure that **Executive abuses of the power to search would not continue in our new nation.** See *United States v. Karo*, 468 U.S. 705 (1984).

It also **requires <u>prior warrants for any reasonable search</u>**, based upon **<u>prior-existing probable cause</u>**, as well as particularity as to persons, places, and things, and the interposition of a neutral magistrate between Executive branch enforcement officers and citizens. '**<u>A governmental action to regulate speech may be justified only upon showing of a compelling governmental interest</u>**' See *Clark v. Library of Congress*, 750 F.2d 89, 94 (D.C. Cir. 1984). **§ 205. Activities of officers and employees in claims against and other matters affecting the Government.** Defendants' Good Faith Defense is moot.

Moreover, Counsel, a District of Columbia licensed lawyer, may further reference the U.S. States District Courts, Administrative Office, Reporting regulations and requirements for a lawful interception in accordance to strict requirements set forth by DOJUSAM guidelines, Section 2519.

The United States District Court, (D.C.) Office of Administrative Reporting requires **<u>strict compliance to Title 18, United States Code</u>**, Section 2519. Regulations are issued in accordance with **Title 18, U.S.C., Section 2519(3)**, and prescribe the form of the annual reports required to be filed with the Director of the Administrative Office of the United States.

3

## Wire, Oral, or Electronic Interception Strict Requirements

A. any state or **federal judge approving** or denying an application for a order authorizing the interception of a wire, oral, or electronic communication; and

B. any state or **Federal prosecuting official who has authorized an application for a order to permit an interception of wire**, **oral**, or **electronic communication by an investigative** or **law enforcement officer. Strict guidelines require that a [police officer] or [police informant] is a party to the communication**; (The key words are a **Police Officer**, or **Police Informant.** Therefore, Counsel for Defendant Securiguard and USEC Services Corporation assertion that an unlicensed contract guard and a 25-year old intern involved in a United States Federal Theft employed by her aunt (nepotism) both unauthorized private citizens argument is outrageous, fatally flawed, far reaching in attempt to aver.

Defendant's argument of a **one party consent** is only **applicable to an Agent**, **Officer** or **Police Informant**). Jenekia Johnson was acting under as an unauthorized Agent under the color of law by an unlicensed contract security Douglas R. Fahey.

4

The FDIC and named Defendants relied upon, used, duplicated tapes, and accepted into evidence the interception of Plaintiff's oral communication by an unlicensed contractor Douglas R. Fahey. See § 554. **Adjudications-** "An **employee** or **agent engaged in the performance of investigative** or **prosecuting functions for an agency in a case** **[may not]**, **in that** or *a* **[factually related case]**, **[participate]** or **[advise in the decision]**, **[recommended decision]**, or [agency review pursuant to section 557 of this title, except as witness or counsel in public proceedings]"

**Wherefore**, Plaintiff's Motion to Suppress Evidence and Injunctive Relief is warranted. Counsel argument is without merit.

Respectfully submitted,

*/s/*

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

5

## CERTIFICATE OF SERVICE

I herby certify that on this 26th day of April 2007, a copy of the foregoing Plaintiff's Opposition to Defendant's Opposition to Plaintiff's Motion to Suppress Evidence\Injunctive Relief was served upon.

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190