UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1938 (RMU) |
| | : | | |
| v. | : | Documents Nos.: | 5, 6, 13, 18, 19, 23, 24, 25, 26 |
| | : | | |
| SECURIGUARD, INCORPORATED *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

**I. INTRODUCTION**

The plaintiff, appearing *pro se*, brings this action alleging that an employee of defendants Securiguard, Incorporated and USEC Corporation intercepted her oral communication by use of a tape recorder in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* She also asserts claims for defamation and negligence, and for the defendants' alleged negligent hiring of the employee, Douglas R. Fahey. The case is currently before the court on the defendants' motions to dismiss. Because the plaintiff has failed to state a claim against the defendants, the court grants the defendants' motions to dismiss.

**II. BACKGROUND**

The plaintiff is a former employee of the Federal Deposit Insurance Corporation ("FDIC"). Compl. at 2. The defendants provide contract security services at the FDIC's office in Washington, DC. *Id.* According to the complaint, on April 14, 2004, Jenekia Johnson, an intern

at the FDIC, informed the plaintiff that she had been the victim of a theft on FDIC property. *Id.* at 5. The plaintiff and Johnson had a conversation in a closed door office where the plaintiff alleges that she gave Johnson "words of wisdom, examples of her life, advice and quoted a few Bible scriptures as examples." *Id.*

Following this conversation, Johnson informed James T. Lantelme, the FDIC's Assistant General Counsel, that the plaintiff had made threatening comments to her. *Id.* at 6, 23. Lantelme then initiated an investigation pursuant to FDIC policies for addressing workplace violence issues. *Id..* The investigation was conducted by Douglas R. Fahey, a contract investigator employed by the Securiguard Corporation. *Id.* at 2. At Fahey's suggestion, Johnson agreed to place an electronic tape recorder in her purse during her next conversation with the plaintiff. *Id.* at 5, 28.

After the recorded conversation, the plaintiff received an e-mail from Fahey requesting an interview regarding her alleged threat against Johnson. *Id.* at 5. The plaintiff's supervisor informed her that failure to cooperate in the investigation could result in disciplinary action against her. *Id.* at 6, 10. Instead of meeting with Fahey, the plaintiff sent an e-mail to the supervisor denying she threatened Johnson. *Id.* at 7. Thereafter, the plaintiff's supervisor suspended her for five days without pay. *Id.*

### III. ANALYSIS

#### A. Standard of Review

In ruling on motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. FDIC.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "'Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B. The Court Grants the Defendants' Motions to Dismiss

#### 1. Title III Claim

The plaintiff alleges that the defendants, through its employee, Douglas R. Fahey, violated her rights under the federal wiretap statue by tape-recording her conversation with Ms. Johnson and using the recorded information in the FDIC investigation. Title III authorizes and regulates electronic surveillance for law enforcement purposes and also regulates private conduct. *Bartnicki v. Vopper*, 532 U.S. 514, 523 (2001). Title III generally prohibits the interception and disclosure of any wire, oral, or electronic communication. 18 U.S.C. § 2511. The statute also makes it unlawful to use or to procure another person to intercept such communication. *Id.* § 2511(1)(b). An individual whose communication has been intercepted may recover damages from a person or entity that violates Title III. *Id.* § 2520.

The wiretap statute contains certain exceptions or defenses, one of which is applicable here. Specifically, Title III authorizes the interception of wire communications "where . . . one of the parties to the communication has given prior consent to such interception." *Id.* § 2511(c); *see also Berry v. Funk*, 146 F.3d 1003, 1011 (D.C. Cir. 1998) (discussing exceptions to Title III's prohibitions). The plaintiff concedes that defendant Johnson, a party to the communication,

consented to the tape-recorded conversation at issue in this case. As such, the plaintiff has failed to state a claim based on the wiretap statute.

### 2. Defamation and Negligence Hiring Claims

To establish a defamation claim, a plaintiff must show that (1) the defendant made a false and defamatory statement concerning the plaintiff; (2) the defendant published the statement to a third party; (3) the defendant's behavior rose to at least the level of negligence; and (4) either the statement was actionable as a matter of law or that its publication caused the plaintiff special harm. *Bennett v. United States Chess Fed'n*, 468 F. Supp. 2d 79, 89 (D.D.C. 2006) (citation omitted); *Beeton v. Dist. of Columbia*, 779 A.2d 918, 923 (D.C. 2001). In the complaint, the plaintiff alleges that due to the interception of her oral communication with Ms. Johnson, she is "a victim of Bio-metric Identity threat, deprived of income, benefits, and suffered egregious defamation of my former outstanding character as a former employee" at the FDIC. Compl. at 2. This is the extent of the plaintiff's allegations regarding her defamation claim. She has not identified what statements by Fahey or the defendants were false or defamatory or otherwise alleged sufficient facts to state a defamation claim.

The plaintiff's negligence claim also lacks sufficient allegations to make out a claim on which relief can be granted. A claim of negligence under District of Columbia law has the following elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached his or her duty; (3) the breach was the proximate cause of (4) damages sustained by the plaintiff. *Fletcher v. Dist. of Columbia*, No. 01-0297, 2005 WL 670676, at *6 (D.D.C. Mar. 22, 2005); *Powell v. Dist. of Columbia*, 634 A.2d 403, 406 (D.C. 1993). The plaintiff has not identified the duty owed her by the defendants or any of the other elements of a negligence claim. The court

therefore dismisses the plaintiff's negligence claim.

To establish a negligence hiring claim, in addition to the elements attendant to any negligent action, a plaintiff must show that (1) the employer knew or should have known its employee behaved in a dangerous or incompetent manner; and (2) despite actual or constructive knowledge, the employer failed to adequately supervise the employee. *Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 79 (D.D.C. 2005) (citing *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985)). As with the negligence claim, the plaintiff has failed to plead the essential elements of a negligent hiring claim. Moreover, because the defendants' employee did not commit a tortious act in taping the plaintiff's oral communication, the defendants are not vicariously liable for his actions. *Daisley*, 372 F. Supp. 2d at 80 (citations omitted). The court therefore dismisses the negligent hiring claim.

### IV.  CONCLUSION

For all of the foregoing reasons, the court grants the motions to dismiss and dismisses the claims against the defendants. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of May, 2007.

/s
RICARDO M. URBINA
United States District Judge