UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS, :
:
    Plaintiff, :
:
v. :   CASE NO. 1:06CV01938 (RMU)
:
SECURIGUARD INC., et al. :
:
    Defendants. :

### DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC") (collectively "the Security Guard Defendants"), by counsel, hereby oppose the Plaintiff's *Pro Se* "Motion To Vacate Judge Ricardo M. Urbina's Order Dated May 3, 2007. The Plaintiff provides no reason why the Court should vacate its order granting the Security Guard Defendants' motion to dismiss and dismissing this case.

The thrust of the Plaintiff's motion appears to focus on her contention that the Court somehow has violated Federal Rule of Civil Procedure 5.1 by granting the Security Guard's motion to dismiss, and that she somehow has been aggrieved by this alleged violation. The Plaintiff's argument reveals a fundamental misunderstanding of the Rule. While the Plaintiff alleged in her lawsuit that the Security Guard Defendants had violated the United States Constitution and all sorts of federal statutes – claims which this Court has correctly found to be meritless based on the Plaintiff's own allegations – the Plaintiff nowhere challenges the constitutionality of any statute in her lawsuit. Further revealing the plain inapplicability of Rule 5.1, the Plaintiff herself has not complied with the requirements of subsection (a), which requires

---

[1] USEC's proper name is USEC Service Corporation.

a plaintiff challenging the constitutionality of a federal statute to "promptly" file a "notice of constitutional question" and serve that notice on the Attorney General of the United States. Moreover, the Plaintiff cites no authority suggesting that Rule 5.1 confers a right on the private parties in the lawsuit; instead, its plain purpose is to inform the Attorney General so that he may intervene to defend the constitutionality of the challenged statute. *See* Fed. R. Civ. P. 5.1(c) ("[b]efore the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional").

The remainder of the Plaintiff's motion appears to rehash arguments that she has already made and that this Court has already correctly rejected by granting the Security Guard Defendants' motion to dismiss. The Plaintiff offers nothing new or persuasive to suggest that the Court made any error in its original ruling. The Plaintiff's motion should be denied.

Respectfully submitted,

/s/
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendants Securiguard, Inc. and USEC Corporation*

## CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of this document to be served by ECF for all counsel of record and by first class mail, postage prepaid, on each of the following on this 31st day of May 2007:

>Yolanda C. Gibson-Michaels, *Pro Se*
>2210 Anvil Lane
>Temple Hills, MD 20748

>David Rose, Esquire
>Rose & Rose
>1320 19th Street, NW, Suite 601
>Washington, DC 20036-1655

_/s/_
Scott D. Helsel
