# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1938 (RMU) |
| | : | | |
| v. | : | Documents Nos.: | 35, 37 |
| | : | | |
| SECURIGUARD, INCORPORATED | : | | |
| *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTIONS TO VACATE
### AND TO STAY PROCEEDINGS

## I. INTRODUCTION

The plaintiff, appearing *pro se*, brings this action alleging that an employee of defendants Securiguard, Incorporated and USEC Corporation intercepted her oral communication by use of a tape recorder in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* She also asserts claims for defamation and negligence, and for the defendants' alleged negligent hiring of the employee, Douglas R. Fahey. Because the plaintiff failed to state a claim against the defendants, the court granted the defendants' motions to dismiss. Plaintiff has now filed a motion to vacate the order of dismissal and for a stay of the proceedings to allow her time to obtain counsel. Because the plaintiff does not provides a valid basis for vacating the dismissal or staying the proceedings, the court denies the plaintiff's motion.

## II.  BACKGROUND

The plaintiff is a former employee of the Federal Deposit Insurance Corporation ("FDIC"). Compl. at 2.   The defendants provide contract security services at the FDIC's office in

Washington, DC. *Id.* According to the complaint, on April 14, 2004, Jenekia Johnson, an intern at the FDIC, informed the plaintiff that she had been the victim of a theft on FDIC property. *Id.* at 5. The plaintiff and Johnson had a conversation in a closed-door office where the plaintiff alleges that she gave Johnson "words of wisdom, examples of her life, advice and quoted a few Bible scriptures as examples." *Id.*

Following this conversation, Johnson informed James T. Lantelme, the FDIC's Assistant General Counsel, that the plaintiff had made threatening comments to her. *Id.* at 6, 23. Lantelme then initiated an investigation pursuant to FDIC policies for addressing workplace violence issues. *Id.*. The investigation was conducted by Douglas R. Fahey, a contract investigator employed by the Securiguard Corporation. *Id.* at 2. At Fahey's suggestion, Johnson agreed to place an electronic tape recorder in her purse during her next conversation with the plaintiff. *Id.* at 5, 28.

After the recorded conversation, the plaintiff received an e-mail from Fahey requesting an interview regarding her alleged threat against Johnson. *Id.* at 5. The plaintiff's supervisor informed her that failure to cooperate in the investigation could result in disciplinary action against her. *Id.* at 6, 10. Instead of meeting with Fahey, the plaintiff sent an e-mail to the supervisor denying she threatened Johnson. *Id.* at 7. Thereafter, the plaintiff's supervisor suspended her for five days without pay. *Id.*

## III. ANALYSIS

The resolution of a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is a matter of the court's discretion and "need not be granted unless the [court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755,

758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to

reconsider is not simply an opportunity to reargue facts and theories upon which a court has

already ruled, nor is it a vehicle for presenting theories or arguments that could have been

advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C.

2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable

discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous

order is an extraordinary measure." *Id.* (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.

Cir. 1996) (per curiam)).

Rule 60(b) provides, in pertinent part, that "upon such terms as are just, the court may

relieve a party . . . from a final judgment, order, or proceeding [where] . . . it is no longer equitable

that the judgment should have prospective application; or [for] any other reason justifying relief

from operation of the judgment." Fed. R. Civ. P. 60(b). For such a motion to be granted, there

must be a "significant change in circumstances." *Hammond v. Kempthorne*, 448 F.Supp.2d 114,

119 (D.D.C. 2006) (quoting *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)).

Plaintiff contends that the dismissal order should be vacated because the court did not

apply Rule 5.1 of the Federal Rules of Civil Procedure. That statute provides that a party

challenging the constitutionality of a federal statute must promptly file notice with the court and

serve notice on the Attorney General of the United States. Fed. R. Civ. P. 5.1 (a)(1)-(2). If these

conditions are satisfied, the court must certify to the Attorney General that there is a constitutional

challenge to a federal statute. Fed. R. Civ. P. 5.1(b).

Rule 5.1 is not applicable here. Plaintiff's complaint does not challenge the

constitutionality of a federal statute, but rather alleges that defendants have violated the

Constitution and federal statutes.  The constitutional validity of these statutes is not at issue in this case.  Moreover, plaintiff has not provided any evidence that she served notice of a constitutional challenge on the Attorney General.

The remainder of plaintiff's motion merely reasserts arguments previously considered and rejected by the court.  Plaintiff has not provided any basis for vacating the dismissal order or for staying the proceedings.

### IV.  CONCLUSION

For all of the foregoing reasons, it is this 2nd day of August, 2007

ORDERED that plaintiff's motion to vacate [35] is DENIED.  It is

FURTHER ORDERED that plaintiff's motion to stay proceedings [37] is DENIED.

/s/
RICARDO M. URBINA
United States District Judge